IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| KARSTEN G. KENNEDY, | § |
| --- | --- |
| Plaintiff, | § |
| VS. | § NO. 4:19-CV-604-A |
| STATE OF TEXAS, ET AL., | § |
| Defendants. | § |

MEMORANDUM OPINION AND ORDER

Came on for consideration the amended complaint of plaintiff, Karsten G. Kennedy. This action has been filed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915. Inasmuch as plaintiff is a prisoner, the court reviews the complaint to determine if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Plaintiff's amended complaint names two defendants, "Tarrant County, Texas, Sheriff's Office" and "Tarrant County, Prosecutors' Office." Doc. 8.[1] In providing such designations, it is unclear whether plaintiff intends to bring suit against (i) the Tarrant County Sheriff's Department and the Tarrant County Criminal District Attorney's Office, (ii) Tarrant County, or

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

(iii) individual officials working for those entities. Regardless of the intended defendants' identities, plaintiff's amended complaint should be dismissed.

I.

## Sheriff's Department and Criminal District Attorney's Office

Neither the Tarrant County Sheriff's Department nor the Tarrant County Criminal District Attorney's Office is a proper defendant. A government entity's capacity to be sued depends on whether it constitutes a separate legal entity subject to suit under the law of the state in which the district court is held. See Darby v. Pasadena Police Dept., 939 F.2d 311, 313 (5th Cir. 1991) (citing Fed. R. Civ. P. 17(b)).

The Tarrant County Sheriff's Department "is a servient political agency of Tarrant County." Hicks v. Tarrant Cty. Sheriff's Dep't., 352 F. App'x 876, 878 (5th Cir. 2009). Likewise, the Tarrant County Criminal District Attorney's Office is a servient entity to Tarrant County. See Barrie v. Nueces Cty. Dist. Attorney's Office, 753 F. App'x 260, 264 (5th Cir. 2018). Accordingly, a lawsuit against the Tarrant County Sheriff's Department and the Tarrant County Criminal District Attorney's Office cannot proceed absent a showing that the state of Texas or an authorized political subdivision has granted those entities

the authority to be sued. Id. Plaintiff has provided no such showing.

## II.

### Tarrant County

Plaintiff has not stated a claim against Tarrant County upon which relief may be granted. Section 1983 does not allow a governmental entity to be held vicariously liable for the actions of its officers under a theory of respondeat superior. 42 U.S.C. § 1983; Bd. Of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). A governmental entity may be liable under § 1983 if the execution of one of its policies or customs deprives a plaintiff of a constitutional right. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-91 (1978). To hold a county liable under § 1983 thus requires the plaintiff to "initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted." Spiller v. Texas City Police Dep't, 130 F.3d 162, 167 (5th Cir. 1997) (internal quotation marks and citation omitted).

To meet that requirement, a plaintiff must allege: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." Cox v. City of Dallas, 430 F.3d 734, 748 (5th Cir. 2005) (internal citations omitted); Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001). Moreover, the description of a

policy or custom and its relationship to the underlying constitutional violation "cannot be conclusory; it must contain specific facts." Spiller, 130 F.3d at 167. The general rule is that allegations of isolated incidents are insufficient to establish a custom or policy. Fraire v. City of Arlington, 957 F.2d 1268, 1278 (5th Cir. 1992).

Plaintiff's amended complaint does not describe a Tarrant County policy or custom. Plaintiff claims that prosecutors used incorrect enhancements in plaintiff's two indictments, which led prosecutors to make plea offers outside of the proper range. Doc. 8. Plaintiff also asserts that prosecutors brought the second charge as retaliation after he refused to plea as to the first. Id. Although plaintiff claims that he is "not the only one which this is happening to," he also admits to the existence of "obvious policies in place to safeguard" against the use of incorrect enhancements and trial delays. Id. In fact, plaintiff claims that prosecutors "are purposefully disregarding" those "protective policies" and "deviating from the norms" when taking the actions alleged. Id. Plaintiff's claims allege isolated incidents and not official policy or custom.

Further, plaintiff has not alleged a violation of his constitutional rights. Plaintiff does not have a constitutional right to be offered a favorable plea bargain. See Weatherford v.

4

Bursey, 429 U.S. 545, 560-61 (1977); Berry v. Epps, 230 F. App'x 386, 396-97 (5th Cir. 2007). Nor does plaintiff have a constitutional right not to be charged with a crime based on probable cause, even if the charge is brought maliciously. See Castellano v. Fragozo, 352 F.3d 939, 945 (5th Cir. 2003). Because plaintiff has not alleged a policy or custom that deprived him of his rights, Tarrant County cannot be held liable under § 1983.

## III.

### Individual Officials

Plaintiff alleges that Tarrant County Assistant District Attorneys ("ADAs") misapplied the enhancements and brought the second charge. See Doc. 8. Plaintiff further alleges that the Criminal District Attorney, the CDC4 Supervisory Prosecutor, and the Sheriff "permit" the ADAs to "roam free" and "do as they will." Id. If plaintiff is attempting to bring suit against these officials, he lacks a claim for which relief may be granted.

Prosecutors are absolutely immune from § 1983 suits for acts that are "intimately associated with the judicial phase of the criminal process." Loupe v. O'Bannon, 824 F.3d 534, 538 (5th Cir. 2016) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). This immunity exists even if the prosecutor acted maliciously, wantonly, or negligently. Rykers v. Alford, 832 F.2d 895, 897

5

(5th Cir. 1987) (internal quotation and citation omitted). The ADAs referenced in the amended complaint are prosecutors, and initiating a prosecution and making plea offers fall within their judicial roles. Imbler, 424 U.S. at 431; Tubwell v. Dunn, No. 92-7786, 1993 WL 543273, at *1 (5th Cir. 1993). Thus, the ADAs cannot be held liable under § 1983.

Plaintiff's potential allegations against the Criminal District Attorney, CDC4 Supervisory Prosecutor, and the Sheriff also fail. As stated above, § 1983 does not provide for vicarious liability, including respondeat superior. "Instead, a plaintiff must allege some personal involvement on the part of each individual defendant, or at least show how some acts by each were causally connected to a constitutional violation." Hallcy v. Paxton, 773 F. App'x 209, 210 (5th Cir. 2019).

Although plaintiff might assert that these supervisors were personally involved because they negligently supervised the ADAs, they would be entitled to qualified immunity. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993); Thompson v. Upshur Cty., 245 F.3d 447, 459 (5th Cir. 2001). Defendants may be held liable for negligent supervision under § 1983 only if plaintiff demonstrates that (i) they failed to train or supervise the ADAs involved, (ii) there is a causal connection between the alleged failure to train or supervise and the alleged violation of

plaintiff's constitutional rights, and (iii) the failure to train or supervise constituted deliberate indifference to plaintiff's constitutional rights. Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003) (quoting Thompson, 245 F.3d at 459).

Plaintiff cannot carry this burden. As stated above, plaintiff does not have a constitutional right to be offered a favorable plea bargain or to not be charged with a crime based on probable cause. See Weatherford, 429 U.S. at 560-61; Berry, 230 F. App'x at 397; Castellano, 352 F.3d at 945. Because plaintiff's rights have not been violated, the Criminal District Attorney, the CDC4 Supervisory Prosecutor, and the Sheriff cannot be liable for negligent supervision under § 1983.

IV.

Exhaustion Requirement

Finally, the court notes that the Prisoner Litigation Reform Act limits federal courts' jurisdiction over cases filed by prisoners by requiring prisoners to exhaust administrative remedies before filing in federal court. See 42 U.S.C. § 1997e(a). While prisoners are not required to demonstrate exhaustion in their complaints, failure to exhaust will lead to dismissal if proven as an affirmative defense or established by the face of the complaint. Jones v. Bock, 549 U.S. 199, 216 (2007); Hicks v. Lingle, 370 F. App'x 497, 498 (5th Cir. 2010).

It is unclear from the amended complaint whether plaintiff exhausted all administrative remedies. The court cautions plaintiff to make sure he does so before filing any future complaint in federal court at the risk of dismissal.

V.

ORDER

The court ORDERS that plaintiff's claims in this action be, and are hereby, dismissed pursuant to the authority of 28 U.S.C. § 1915A.

SIGNED August 30, 2019.

JOHN McBRYDE
United States District Judge